IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHALONDA DANSBY,<br><br>　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK and DOES 1-10 inclusive,<br><br>　　　Defendants. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

Comes Now Plaintiff, Shalonda Dansby, through counsel, and shows this Court as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and § O.C.G.A. 10-1-399 *et seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Shalonda Dansby (hereinafter "Plaintiff") is a natural person who resides in the County of Fulton, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant JPMorgan Chase Bank ("CHASE") is a New York business entity, with an address of 270 Park Avenue, New York, New York, 10017, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. CHASE at all times acted by and through one or more of the Agents.

## FACTS

8. In or around October 7, 2013, Defendants called Plaintiff's cellular telephone, number XXX-XXX-0156.

9. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" and/or used an artificial or prerecorded voice.

10. Defendants have never had permission to call Plaintiff's cellular telephone.

11. On or about October 15, 2013, Plaintiff asked Defendants to stop calling her cell phone.

12. Nonetheless, Defendants continued to call Plaintiff's cellular telephone.

13. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

14. Plaintiff has records that CHASE called her at least 123 times.

15. Exhibit "A" displays the times and dates of at least some of the telephone calls made by CHASE to Ms. Dansby's cellular telephone.

16. There are additional calls from CHASE that Plaintiff has not been able to

document at this time.

17. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

18. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

## COUNT I. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular phone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or used a prerecorded or artificial voice.

21. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a

[representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

22. Defendants' telephone systems have some of the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a recording before Defendants' telephone system would connect her to the next available representative.

23. Upon information and belief, CHASE's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Despite Plaintiff directing Defendants to cease all calls to her cellular telephone once they began, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that they lacked consent to call her number many times. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

26. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. The Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B), or

2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

3. for such other and further relief as may be just and proper.


## TRIAL BY JURY DEMANDED ON ALL COUNTS

This 13th day of June, 2016.


**[Signature(s) on following page]**

Respectfully submitted,

**SMITH, WELCH, WEBB & WHITE, LLP**

By: **s/Orion G. Webb**
Orion G. Webb, Esq.
Attorney I.D.#479611
Miranda Hanley
Attorney I.D.#451274

P.O. Box 10
2200 Keys Ferry Court
McDonough, Georgia 30253
T. (770) 957-3937
F. (770) 957-9165
owebb@smithwelchlaw.com

**JOSEPH P. MCCLELLAND, LLC**

By: **s/Joseph P. McClelland**
Joseph P. McClelland, Esq.
Attorney I.D.#483407
583 East Third Street
Jackson, Georgia 30233
Telephone: (770) 775-0938
Facsimile: (770) 775-0932
joseph@jacksonlaws.com

Attorneys for Plaintiff

- 8 -

## CERTIFICATE OF SERVICE

This is to certify that on June 13, 2016, I electronically filed Plaintiff's COMPLAINT with the Clerk of Court using the CM/ECF system and provided all parties with a Notice and Waiver of the Service of Summons.

SMITH, WELCH, WEBB & WHITE, LLC

**/s/ Orion G. Webb**
ORION G. WEBB
Attorney I.D. # 479611
MIRANDA N. HANLEY
Attorney I.D. # 451274
JOSEPH P. MCCLELLAND
Attorney I.D. # 483407

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

**SMITH, WELCH, WEBB & WHITE, LLC**

**/s/ Orion G. Webb**
ORION G. WEBB
Attorney I.D. # 479611
MIRANDA N. HANLEY
Attorney I.D. # 451274
JOSEPH P. MCCLELLAND
Attorney I.D. # 483407

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

| STATE OF GEORGIA | ) |
|---|---|
|  | ) ss |
| COUNTY OF BUTTS | ) |

Plaintiff, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Plaintiff

Subscribed and sworn to before me
this 25th day of March, 2016.

_____
Notary Public

JOSEPH P. MCCLELLAND
Notary Public, Georgia
Fulton County
My Commission Expires
October 01, 2016

Doc ID: 67dafbbf09aab9209922475e2f28153e82eb2d5d